UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELSAYED A. ELNENAEY,

    Plaintiff,

v.                                                       Case No. 8:19-cv-349-TPB-TGW

FIDELITY MANAGEMENT TRUST
COMPANY, INC., et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE FINAL ORDER, RE-OPEN CASE AND MODIFY OR VACATE ARBITRATION AWARD**

Plaintiff's "FRCP 60(b) Motion to Vacate Final Order at [Doc. 51] and Re-Open Case and Motion to Modify or Vacate Arbitration Award Pursuant to 9 U.S.C. § 10" (Doc. 52) is denied.

Each item of relief Plaintiff seeks is based on the same legal argument: that this Court's November 9, 2020, order dismissing his complaint against the corporate defendants (Doc. 51) was not an involuntary dismissal constituting an "adjudication on the merits" under Fed. R. Civ. P. 41(b). Instead, Plaintiff argues, it was a "voluntary" dismissal. Plaintiff claims that when this Court dismissed his complaint in July 2019 with leave to amend, Plaintiff "elected" not to amend and instead chose to pursue a "narrow" appeal to the Eleventh Circuit that made no argument as to the claims against the corporate defendants. Whatever Plaintiff's subjective intentions, there was no voluntary dismissal. The Court's July 31, 2019,

dismissal order (Doc. 30) adopted a report and recommendation for dismissal over Plaintiff's objection. The Court of Appeals then affirmed that dismissal and held Plaintiff had waived the right to further amend his complaint as to the corporate defendants. (Doc. 49). Following the Eleventh Circuit's mandate, this Court noted that Plaintiff had waived any right to amend, dismissed the action, and closed the case on November 9, 2020. (Doc. 51).

Accordingly, the legal effect of the November 9, 2020, Order dismissing this case was an adjudication on the merits under Rule 41(b). Plaintiff may have misunderstood the legal effect of his actions, but that does not constitute a basis for relief under Rule 60. *See Kocsis v. Fla. Stat Univ. Bd. of Trustees*, No. 20-10474, 2021 WL 3671137, at *3 (11th Cir. Aug. 19, 2021) (affirming denial of *pro se* plaintiff's motion to reopen case based on her misunderstanding of the law).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "FRCP 60(b) Motion to Vacate Final Order at [Doc. 51] and Re-Open Case and Motion to Modify or Vacate Arbitration Award Pursuant to 9 U.S.C. § 10" (Doc. 52) is **DENIED**.

(2) Because the Court has denied Plaintiff's motion to reopen the case, his motion to proceed *in forma pauperis* (Doc. 56) and amended motion to proceed *in forma pauperis* (Doc. 57) are denied as moot.

(3) This case remains **CLOSED**.

**D**ONE and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of October, 2023.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**